UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUVENTINO ARCINIEGA-OYERVIDEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| VS. | § | CIVIL ACTION NO. L-08-88 |
| | § | CRIMINAL CASE NO. L-06-789-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent*. | § | |

## OPINION AND ORDER

Pending before the Court is Petitioner Juventino Arciniega-Oyervidez's ("Arciniega") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No. 1].[1] After duly considering the petition, supporting memorandum, and applicable law, the Court **DENIES** Arciniega's petition.

On May 23, 2006, a federal grand jury returned a one-count indictment against Arciniega in criminal case number L-06-789-1, charging him with illegal re-entry after having previously been denied admission, excluded, deported, and removed, in violation of Title 8, United States Code Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 5]. Arciniega decided to forego trial and entered a plea of guilty before United States Magistrate Judge Adriana Arce-Flores on July 7, 2006. [Minute Entry of July 7, 2006]. Arciniega did not enter into a plea agreement with the Government. [*See* Cr. Dkt. Nos. 12 at 1].

On October 4, 2006, United States District Judge Micaela Alvarez sentenced Arciniega to sixty (60) months of imprisonment on Criminal Case L-06-789-1, to be served consecutively

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to the filings in case number 5:08-cv-88. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:06-cr-789-1. Citations to "Minute Entries" will be used to refer to entries made for criminal case number 5:06-cr-789-1.

with six (6) months of imprisonment on a petition to revoke in Criminal Case No. L-03-1962,[2] for a total of sixty-six (66) months of imprisonment. The Court also sentenced Arciniega to a three-year term of supervised release. Judgment was entered on October 11, 2006. [Dkt. No. 20]. Arciniega appealed his sentence to the United States of Appeals for the Fifth Circuit on October 5, 2006. [Dkt. No. 19]. The judgment of the District Court was affirmed on August 10, 2007. [Dkt. No. 30]. Arciniega then petitioned for a writ of certiorari with the Supreme Court of the United States, which was denied on November 8, 2007. [Dkt. No. 31]. Arciniega filed the current motion on June 27, 2008.

## II. DISCUSSION

### A. The Instant Petition

Arciniega challenges his sentence on two grounds. First, he claims that his sentence is unconstitutional because he will not serve a portion of his sentence in a community correctional facility per the requirements of 18 U.S.C. § 3624, thereby subjecting him to harsher treatment at the hands of the Bureau of Prisons than his comparable American counterparts. [Dkt. No. 1 at 4]. Second, he argues that the sentencing court did not consider all the mitigating circumstances as 18 U.S.C. § 3553(a) requires. [*Id.* at 5].

### B. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 allows relief in four areas: (1) constitutional issues; (2) challenges to

---

[2] On June 10, 2004, Arciniega was convicted of Transporting Undocumented Aliens within the United States for Private Financial Gain by Means of a Motor Vehicle (a felony) and Simple Assault on a Federal Officer (a misdemeanor) in this Court in criminal case number L-03-1962-001. [PSR ¶ 12].

the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.*

### C. Constitutional Challenge to Sentence

Arciniega first argues that because of his status as a deportable alien, he will be subjected to disparate treatment and harsher conditions of confinement at the hands of the Bureau of Prisons, a collateral consequence that justifies a sentence below the guideline range to avoid an unduly harsh collective punishment. [Dkt. No. 1 at 4]. Particularly, he claims that he will not serve a portion of the final months of his sentence term in a community correctional facility per the requirements of 18 U.S.C. § 3624, which would afford him a reasonable opportunity to adjust to and prepare for his reentry into the community.[3] [*Id.*].

Arciniega's argument—that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States—actually concerns the execution of a sentence, and is therefore proper under 28 U.S.C. § 2241, not § 2255. *Carvajal v. Tombone*, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). To construe such a claim as a § 2255 motion is reversible error. *See Carvajal*, 31 Fed. App'x 155, at *1. Motions under 28 U.S.C. § 2241 must normally be

---

[3] Section 3624 of Title 18 of the United States Code states the following:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 [percent] of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

brought in the place of the Petitioner's confinement, which in this case is the Federal Correctional Institution in Florence, Colorado.[4] Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

The Court normally would transfer the case to the place of the Arciniega's confinement. *See* 28 U.S.C. § 1631.  When a court lacks jurisdiction, § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court.  However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy.  *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss).  The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Arciniega alleges that because he may not be eligible to serve the last portion of his sentence in a community correctional facility, he is being treated differently from similarly situated United States citizens.  *Cf. Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991).  Because INS detainee status is not a suspect classification, Arciniega must show that there is no rational basis for treating him differently from similarly situated United States citizens. *Carvajal*, 31 Fed. App'x 155, at *1 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

---

[4] Florence is located in Fremont County, Colorado and jurisdiction would be proper in the United States District Court for the District of Colorado.

Case 5:08-cv-00088   Document 2   Filed in TXSD on 07/03/08   Page 5 of 8

Arciniega has not alleged that denying deportable aliens the aforementioned "benefits" lacks a rational basis. *Cf. Rublee*, 160 F.3d 213, 214, 217 (5th Cir.1998) (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release). The Bureau of Prison's exclusion of INS detainees such as Arciniega from serving a portion of his sentence in a community correctional facility is therefore constitutional. Arciniega's claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim. *See* § 1631; *Chandler*, 210 F.3d at 1150. Accordingly, Arciniega's claim fails.

    **D.**    **Mitigating Factors**

Arciniega next argues that the sentencing court did not consider all the mitigating factors as required by 18 U.S.C. § 3553(a). [Dkt. No. 1 at 5]. Specifically, he argues that while the Court incorporated a previous conviction for assaulting a federal officer as an aggravating circumstance, it failed to consider the reason for his actions—namely that he was being "manhandled." [*Id.*].

There are a number of factors under 18 U.S.C. § 3553(a) that the Court must consider when imposing a particular sentence.[5] However, it is not necessary that each individual sentencing factor advance one of the goals specified in § 3553, as long as the overall sentence advances them. *Koon v. United States*, 518 U.S. 81, 108 (1996). If the sentencing judge exercises sound discretion and imposes a sentence within a properly calculated range, an

---

[5] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public, and provide defendant with needed training or treatment; the kinds of sentences available; the kinds of sentence and the sentencing range established for; any pertinent policy statement; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

appellate court on review will adopt a reasonableness review and infer that the sentencing judge has considered the necessary factors for a fair sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The Presentence Investigation Report ("PSR") is a comprehensive document that includes information relating to the defendant's personal and criminal history, and from which the Court derives several of the factors that must be considered in imposing a sentence.[6] While the Court may not have explicitly adopted the PSR at sentencing, it did so implicitly and considered all of the information in it when imposing Arciniaga's sentence. Thus, any mitigating factor that the Court would have considered would have been in the PSR. Furthermore, the only mitigating factor that Arciniaga refers to is that he was provoked when he assaulted the INS officer. He claims that when the Court imposed a harsher sentence on him for having previously assaulted a federal officer it failed to consider the "mitigating circumstances" surrounding the arrest—that he was merely reacting to abusive treatment by the officers. [*See* Dkt. No. 1 at 5].

Arciniega's argument fails for a number of reasons. First, this is not the type of factor that a court must consider pursuant to 18 U.S.C. § 3553(a). Second, even if it was, the reason why Arciniega attacked a federal officer is not dispositive of the calculations under the guidelines; the Court's role is to use prior offenses and convictions to calculate the guideline range, not question or retry their merits. Third, Arciniega's assertion that he received a longer sentence as a result of having attacked a federal officer is incorrect. At the time of that incident, Arciniega was being arrested for transporting an undocumented alien within the United States for private financial gain. [*See* Criminal Case No. L-03-1962, Dkt. No. 1; *see also* PSR ¶12]. Thus,

---

[6] During sentencing, the Court asked Arciniega whether he had reviewed the PSR with his attorney and whether it has been thoroughly explained to him in Spanish. [Dkt. No. 26 at 3]. Arciniega answered in the affirmative. [*Id.*]. Furthermore, neither Arciniega nor his attorney presented any objections to the PSR. [*Id.*].

while Arciniega's assault on a federal officer was considered for purposes of calculating the guideline range, it was done in conjunction with the illegal transporting offense.

The PSR notes that the attack on the federal officer was considered in two different ways: (1) as part of the criminal history, [PSR ¶ 23]; and (2) as part of the timeframe elapsing between his release and subsequent offense, [PSR ¶ 26 (noting that Arciniega committed the instant offense less than two years following his release from custody for the previous convictions)]. If a defendant has been previously deported, or unlawfully remained in the United States, after a conviction for a felony that is an alien smuggling offense, there must be a 16-level increase. U.S.S.G. § 2L1.2(b)(1)(A)(vii). Accordingly, Arciniega's offense level jumped from base offense level 8 to level 24. Although the PSR notes this increase was made for the transporting and also notes the assault offense, [PSR ¶12], had Arciniega not assaulted the officer, 16 levels would have been added nevertheless. The assault was not the basis for the 16-level increase. Three prior criminal history points were added for his combined conviction of transporting aliens and assaulting a federal officer, not just for the assault. [PSR ¶23]. Finally, because the illegal reentry offense was committed less than two years following Arciniega's release from custody on January 20, 2005, one point was added pursuant to U.S.S.G. § 4A1.1(e). In short, the misdemeanor of attacking a federal officer did not result in a more severe sentence by itself, but was rather considered in conjunction with the felony of illegally transporting aliens into the United States, which is actually what carried the weight of the offense level increase.

Furthermore, both Arciniega and his counsel were given an opportunity to present any mitigating factors to the Court, and no mention was made of the alleged basis for the assault. Even when the Government specifically pointed out the assault charge, neither Arciniega nor his attorney offered any explanation. Arciniega's claim fails.

**III. CONCLUSION**

For the aforementioned reasons, Arciniega's motion pursuant to § 2255 is **DISMISSED** with prejudice on the merits. Further, should he seek a certificate of appealability, the same is **DENIED**.

    IT IS SO ORDERED.

    DONE this 3rd day of July, 2008, in Laredo, Texas.

                                     _____
                                         Micaela Alvarez
                                  UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**